FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:51 pm, Jun 22, 2022
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Jennifer Dixon , Plaintiff

v.

**Jury Trial requested:**
(please check one)
___ Yes  _x_ No

Silva-Markham Partners ,

Koelble & Co ,

Colorado Coalition for the Homeless ,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Jennifer Dixon,  Homeless
(Name and complete mailing address)

720-651-1871    kitty80203@yahoo.com
(Telephone number and e-mail address)

B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:  Silva-Markham Partners   1325 S. Colorado Blvd., Suite B-601, Denver, CO 80222
(Name and complete mailing address)

303.835.8181    info@silva-markham.com
(Telephone number and e-mail address if known)

Defendant 2:  Koelble &Co    5291 E. Yale Avenue, Denver, CO 80222
(Name and complete mailing address)

303.758.3500    infokoelbelco@koelbelco.com
(Telephone number and e-mail address if known)

Defendant 3:  Colorado Coalition for the Homeless,   2111 Champa St., Denver, CO 80205
(Name and complete mailing address)

303.312.9845, concerns@coloradocoalition.org
(Telephone number and e-mail address if known)

Defendant 4:
(Name and complete mailing address)

(Telephone number and e-mail address if known)

2

**C.   JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)   I am invoking 28 U.S. Code Section 1367 *

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Fair Housing Amendments Acts, Breach of Covenant of Quiet Enjoyment, Forcible Entry and Detainer

Security Deposit Return, Personal Injury/Emotional Distress

_____   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of  Colorado  .

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of  Colorado  (name of state or foreign nation).

Defendant 1 has its principal place of business in  Colorado  (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant*.)

3

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   ADDITIONAL PAGES ATTACHED

Supporting facts:   I am invoking 28 U.S. Code Section 1367

I am disabled with a rare, terminal, autoimmune disease (Mixed Connective Tissue Disease). In April 2019 my daughter and I moved into a 1-bdrm apartment in Ash Street Apartments, 1170 Ash St. Upon move-in it was agreed upon with the landlord that we would stay in the 1-bdrm for one year then be switched to a 2-bdrm apartment, a stipulation on our Choice Voucher. Shortly before the one year was up the landlord changed, installing Norma Duran. At the end of the year period I approached Duran regarding the move to which she responded they no longer did transfers but I could talk to the new manager. I spoke with that manager, Kristi Norman, and she had no problem with the move. After Kristi Norman proceeded to get the ball rolling Norma Duran began harassing my family. We moved out August 2021.

Fair Housing Amendments Acts (42 U.S.C. § 3601)

As a disabled person my rights were violated when I requested a 2-bdrm apartment. Norma Duran required that my doctor approve the need for a 2-bdrm apartment using documents that I had not seen nor signed. The Choice Voucher my daughter and I use stipulates a 2-bdrm for our family. While asserting that it was necessary to seek my doctor's approval for a 2-bdrm, Duran also attempted to acquire my medical records without my knowledge or consent.

Norma Duran sought to have my daughter, who is my aide, disqualified as my live-in aide by insisting that we had to request reasonable accommodation for her to live with me. However, my daughter is listed on the choice voucher we use for housing.

Breach of Covenant of Quiet Enjoyment

I am asserting constructive eviction as Norma Duran, via requesting unwarranted measures to obtain an adequate living space and using my disability as a measure to obtain a 2-bdrm apartment.

Duran demonstrated malice by calling my daughter and I stating that when I die my daughter would be "kicked" out of the apartment. Duran also called me, after my doctor refused to give her the records she tried to get, and told me "your doctor told me there is nothing wrong with you, and you don't need an aide at all".

Further injury occurred when Duran and maintenance forced their way into our apartment as I leaned on the door for balance (due to recent surgery on my leg and trying to leash my dog, which I announced in the moment), pushing me into the closet causing an infection at the surgery site.

I was further intimidated by maintenance and Duran when a maintenance man just showed up in our kitchen without notice, without knocking, without announcing himself and without wearing a mask during the height of Covid. We had a sign on the door telling people not to enter without a mask due to my autoimmune disease. When I asked the maintenance worker why entered the way he did he told that Duran gave him the and told him just to walk in. After that I knew our safety was at risk due to Duran's continued harassment and intimidation after requesting a 2-bdrm apartment.

Forcible Entry and Detainer (C.R.S. § 13-40-101)

Based on the episodes listed above and one other I am asserting Forcible Entry. On one other occasion Duran attempted to enter our apartment while we were home. After the previous episode of Duran forcing her way in we placed an apparatus in the door jam which prevented her from pushing the door open on me while I was trying to open it. Her reason for appearing at our door was just to ask a question, yet she tried to enter the apartment. It was after this episode that the maintenance man showed up unannounced in our kitchen, unmasked, causing me to fear that my daughter and I were exposed to Covid because we had no chance to protect ourselves. Therefore, this particular event felt like retribution for preventing her from just walking into our apartment. Her actions felt malicious in nature.

Security Deposit Return (C.R.S. § 38-12-103)

Prior to vacating our apartment I had given a one month notice. After the forced entry by the maintenance worker I contacted Donovan Jacobs, District Manager for Silva-Markham, and related the entry to him. I told him that my daughter and I felt unsafe in the apartment because of this and other events and would be leaving sooner. Because of all the intimidating actions of Norma Duran and maintenance that my daughter and I are homeless.

I contacted the Controller of Silva-Markham via phone. He informed me that the account for my deposit had never been closed out, I spoke with him in February 2022. I have yet to hear from or receive anything from Silva-Markham regarding the return of my deposit.

4

**E.   REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

For relief I am seeking monetary compensation for emotional distress, pain and suffering, as well as damages for new housing. The total sum I'm requesting is $10 million.

**F.   PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*(Plaintiff's signature)*

06/21/2022

(Date)

(Revised February 2022)

5