**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01558-NYW-SBP

JENNIFER DIXON,

      Plaintiff,

v.

SILVA-MARKHAM PARTNERS, and
KOELBEL & CO.,

      Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Susan Prose issued on February 21, 2025. [Doc. 73]. Judge Prose recommends denying the Motion for Summary Judgment filed by Plaintiff Jennifer Dixon ("Plaintiff" or "Ms. Dixon"), [Doc. 45], and granting Defendants' Motion for Judgment on the Pleadings or, in the alternative, Summary Judgment ("Defendants' Motion"), [Doc. 56]; *see also* [Doc. 73 at 1]. Plaintiff has objected to the Recommendation ("Objection"), [Doc. 74], and Defendants have responded, [Doc. 75]. For the reasons explained below, however, the Court finds that the Objection does not sufficiently specify any legal or factual issues that would warrant a de novo review of the Recommendation. The Court respectfully **OVERRULES** the Objection and **ADOPTS** the Recommendation.

### BACKGROUND

### I.    Factual Background

Judge Prose sets out the factual background of this case in detail, [Doc. 73 at 2–

9], and the Court repeats it only to the extent necessary to address the Objection. This case concerns Ms. Dixon's residency at an apartment complex managed by Defendant Silva-Markham Partners ("SMP"). [Doc. 19 at 5; Doc. 62-1 at ¶ 3]. Defendant Koelbel & Co. ("Koelbel") (together with SMP, "Defendants") is a managing member of the LLC that owns the complex. [Doc. 62 at 1]. Ms. Dixon lived at the apartment complex from April 2019 to August 2021. [Doc. 56-1 at ¶ 2; Doc. 62-12]. Ms. Dixon suffers from an autoimmune disorder that affects her cognition and mobility, *see* [Doc. 64-1], and qualified for a housing voucher to subsidize her rent through the Colorado Division of Housing, [Doc. 62-1 at ¶ 7; Doc. 64-4]. Ms. Dixon contends that Defendants discriminated against her based on her medical condition and created a hostile environment through the conduct of property manager Norma Duran ("Ms. Duran") and other SMP employees. [Doc. 19 at 5–6]. Ms. Dixon further contends that Defendants failed to properly return her security deposit after she moved out of the apartment complex. [*Id.* at 6]. Ms. Dixon seeks summary judgment on her claims, [Doc. 45], and Defendants have moved for judgment on the pleadings or, alternatively, summary judgment, [Doc. 56].

## II.    The Recommendation

Judge Prose recommends denying Plaintiff's motion and granting Defendants' request for summary judgment. She construes Plaintiff's Second Amended Complaint, [Doc. 19], as asserting four claims: (1) housing discrimination in violation of § 3604 of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604; (2) an FHA claim for "hostile housing environment"; (3) a retaliation claim under § 3617 of the FHA; and (4) violation of Colo. Rev. Stat. § 38-12-103 for Defendants' failure to return Plaintiff's security deposit. [Doc. 73 at 9, 30].

Judge Prose recommends granting summary judgment against the FHA claims for three reasons. First, she finds that a settlement agreement between Ms. Dixon and SMP released all claims against SMP for conduct that occurred on or before January 21, 2021. [*Id.* at 16]; *see also* [Doc. 56-5]. Second, Judge Prose concludes that the two-year limitations period for FHA claims bars any claims based on discriminatory acts that occurred before June 22, 2020. [Doc. 73 at 19–20]. Third, Judge Prose finds that Ms. Dixon has not established a genuine dispute of fact as to whether she can satisfy an essential element of any of her FHA claims. *See* [*id.* at 20–32]. With respect to the discrimination claim, Judge Prose discerns no evidence that Ms. Dixon was treated differently from other, similarly situated tenants. [*Id.* at 23–26]. Nor does Judge Prose find any evidence that SMP's conduct was pretextual. [*Id.* at 26]. As for the hostile environment claim, "[e]ven considering the full scope of the allegedly harassing conduct," Judge Prose concludes that Ms. Dixon fails to present evidence of a genuine factual issue of whether SMP's conduct was sufficiently severe or pervasive to alter Ms. Dixon's living conditions and create a hostile environment. [*Id.* at 27–29]. Finally, with respect to the retaliation claim, Judge Prose finds that the undisputed facts do not show that Defendants interfered with Ms. Dixon's attempts to obtain an accommodation for her medical condition. [*Id.* at 30–32].

Having recommended summary judgment against Plaintiff's federal FHA claims, Judge Prose recommends this Court decline supplemental jurisdiction over Plaintiff's state law claim. [*Id.* at 32–34]; *see also* 28 U.S.C. § 1367(c)(3). Plaintiff broadly objects

to these recommendations.  *See generally* [Doc. 74].[1]

## LEGAL STANDARD

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to raise "specific written objections to the proposed findings and recommendations").  Such specific objections permit "the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute."  *One Parcel*, 73 F.3d at 1059 (quotation omitted).

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this matter, absent a proper objection, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the

---

[1] Because Ms. Dixon proceeds pro se, the Court affords her papers and filings a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as a pro se litigant's advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

face of the record."[2]  Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.

## ANALYSIS

Ms. Dixon's Objection fails to identify any specific factual or legal issues in Judge Prose's Recommendation.  The Objection does list page numbers—presumably in the Recommendation—before making statements that, presumably, are directed at those portions of the Recommendation.  *See* [Doc. 74 at 1–2].  But upon review of the Objection and the corresponding page numbers in the Recommendation, the Court cannot discern how the statements in the Objection focus the Court's attention on any legal or factual issues that warrant de novo review.  *One Parcel*, 73 F.3d at 1059 (quoting *Thomas*, 474 U.S. at 147); *see also Wofford v. Colvin*, 570 F. App'x 744, 746 (10th Cir. 2014) (finding that broad objections to recommended rulings were insufficient under Rule 72(b) because they did not "provide any meaningful notice as to the particular factual or legal errors the magistrate judge allegedly committed").

For instance, the Objection refers to pages 4 and 31 of the Recommendation before offering a summary of Ms. Dixon's view of the facts.  [Doc. 74 at 1]; *see also* [Doc. 73 at 4 (describing an April 2020 meeting between Ms. Dixon and Ms. Duran regarding whether Ms. Dixon's daughter needed to be listed on paperwork transferring Ms. Dixon to a two-bedroom unit); *id.* at 31 (concluding that SMP's and Ms. Duran's conduct was intended to promote Ms. Dixon's accommodation request during the transfer process, not interfere with it, and could not sustain a retaliation claim)].  Ms. Dixon argues that a certain

---

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

April 2020 meeting between herself and Ms. Duran did not occur because Ms. Dixon ultimately declined to proceed with the apartment transfer.  [Doc. 74 at 2].  Even construing Ms. Dixon's Objection liberally, there is no indication of how Ms. Dixon's characterization of her April 2020 communications with Ms. Duran would alter Judge Prose's analysis of the FHA claims.  *See* [Doc. 74-5 (May 1, 2020 email from Plaintiff referring to "dealing with [Ms. Duran] for the last month")].  And the factual narrative set forth in the Objection is otherwise consistent with the Recommendation.  *Compare* [Doc. 73 at 2–9], *with* [Doc. 74 at 1–2].

The remaining facts cited by Plaintiff are irrelevant to the Recommendation and identify no legal or factual issues in Judge Prose's findings.  First, Plaintiff refers to page five, paragraph three of the Recommendation, and states that Ms. Dixon's housing voucher already approved her for a two-bedroom apartment.  [Doc. 74 at 2].  But the corresponding portion of the Recommendation does not state that Plaintiff was not approved for a two-bedroom unit.  *See* [Doc. 73 at 5].  Judge Prose only recounts that SMP informed Ms. Dixon that it was up to her to decide whether to transfer from a one-bedroom to a two-bedroom apartment, based on whether the Colorado Division of Housing would approve a two-bedroom unit.  [*Id.*].  In fact, earlier in the Recommendation, Judge Prose specifically notes that "Ms. Dixon's voucher was for a two-bedroom unit." [*Id.* at 3].  Given that there is no conflict between the Objection and the Recommendation, Ms. Dixon never explains how the contents of her voucher relate to a factual or legal issue in the Recommendation.

Second, Plaintiff refers to page seven, paragraph two of the Recommendation. [Doc. 74 at 2].  There, Judge Prose describes a phone call between Ms. Duran and Ms.

Dixon, in which Ms. Duran told Ms. Dixon that Ms. Duran had called Ms. Dixon's doctor, who said Ms. Dixon did not need a live-in aide. [Doc. 73 at 7]. Ms. Dixon asserts that Ms. Duran's statement was inaccurate, because her doctor had "already stated that Plaintiff qualified for an aide." [Doc. 74 at 2]. Again, Ms. Dixon's Objection is unresponsive to the Recommendation. The Objection and the relevant portion of the Recommendation are consistent, because the Recommendation focuses only on what Ms. Duran told Ms. Dixon, not separate statements by Ms. Dixon's doctor. And because the Recommendation's analysis focuses only on Ms. Dixon's communications with Ms. Duran, the Objection fails to specify any issue or error in the Recommendation that warrants a de novo review by this Court. *See Jenkins v. Haaland*, No. 2:21-cv-00385-RJS-DAO, 2021 WL 6062369, at *6 (D. Utah Dec. 22, 2021) (declining to conduct de novo review when objection "fail[ed] to identify any specific legal or factual errors" in the recommendation).

In sum, even construing Ms. Dixon's Objection liberally, the Objection is not "sufficiently specific to focus the [Court's] attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d at 1060. Instead, Ms. Dixon's Objection amounts to a mere disagreement with the outcome of the Recommendation, and an attempt to reargue the merits of her claims—which fail to identify particular factual and legal issues for a specific objection. *Bremer v. Ass'n of Flight Attendants CWA*, No. 11-cv-02764-WJM-MJW, 2014 WL 4063143, at *2 (D. Colo. Aug. 18, 2014), *aff'd*, 599 F. App'x 844 (10th Cir. 2015).

Because Ms. Dixon does not adequately identify any errors in the Recommendation, the Court has reviewed the Recommendation and found no "clear error

on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment. Based on this review, the Court concludes that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law. The Objection is respectfully **OVERRULED**, and the Recommendation is **ADOPTED**.

### CONCLUSION

Accordingly, it is **ORDERED** that:

(1)     The Recommendation of United States Magistrate Judge [Doc. 73] is **ADOPTED**;

(2)     Defendants' Motion for Judgment on the Pleadings or, in the alternative, Summary Judgment [Doc. 56] is **GRANTED**;

(3)     Plaintiff's Motion for Summary Judgment [Doc. 45] is **DENIED**;

(4)     Summary judgment is **GRANTED** with respect to Plaintiff's FHA claims for discrimination, hostile housing environment, and retaliation;

(5)     Plaintiff's state law claim pursuant to Colo. Rev. Stat. § 38-12-103 is **DISMISSED without prejudice**;[3]

(6)     Judgment **SHALL ENTER** in favor of Defendants as to Ms. Dixon's FHA claims for discrimination, hostile housing environment, and retaliation;

(7)     Defendants are awarded their costs pursuant to Local Rule 54.1 and Federal Rule of Civil Procedure 54; and

---

[3] Dismissal without prejudice is appropriate when the Court adjudicates the claims over which it has original jurisdiction and declines to exercise supplemental jurisdiction over the remaining state law claims. *See, e.g.*, *Millenium, Inc. v. Sai Denver M, Inc.*, No. 14-cv-01118-KLM, 2015 WL 1816479, at *10 (D. Colo. Apr. 20, 2015); *cf. VR Acquisitions, LLC v. Wasatch City*, 853 F.3d 1142, 1149–50 (10th Cir. 2017) (ordering dismissal without prejudice when district court declined supplemental jurisdiction over state law claims).

(8)    The Clerk of Court is **DIRECTED** to terminate this case.


DATED:  March 28, 2025                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge